UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARK ADAMCZYK,

                                               *Plaintiff*,

        -against-

NEW YORK STATE DEPARTMENT
OF CORRECTIONAL SERVICES

                                               *Defendant.*
_____

**BROWN REPLY DECLARATION**

07-CV-0523S

      **PETER BROWN**, declares under penalty of perjury, pursuant to 28 U.S.C. §1746, that the following is true and correct:

      1.     I am employed by the New York State Department of Correctional Services ("DOCS") as the Director of the Bureau of Labor Relations and was in that capacity at the time of the allegations in the complaint.

      2.     I make this declaration in further support of DOCS' summary judgment motion filed April 15, 2009 and in reply to plaintiff's response.

      3.     Specifically, the purpose of this declaration is to address plaintiff's inaccurate allegation that DOCS could have overturned the arbitrator's decision terminating plaintiff in the above matter.  I also incorporate herein the attestations in my April 15, 2009 declaration.

      4.     As set forth in my April 15, 2009 declaration, the arbitrator selected by the parties found plaintiff guilty of the disciplinary charges and determined the appropriate penalty was dismissal from service.  It was because of the arbitrator's decision that plaintiff was terminated.

      5.     It is my understanding from counsel that plaintiff incorrectly references my April 18, 2006 memorandum to DOCS Assistant Commissioner Gary Filion, which is attached as

Exhibit UU to plaintiff's attorney's affidavit, wherein I expressly stated that DOCS does not change arbitrators awards.

6.  Plaintiff's attorney somehow suggests that this memorandum indicates DOCS' ability to alter an arbitration award.  That is not the case.  To the contrary, the union contract specifically requires the arbitrator's decision to be final and binding.  A copy of Article H of the agreement between the State and NYSCOPDA, the disciplinary procedure to which DOCS and plaintiff are subject, is attached as Exhibit D to my April 15, 2009 declaration.  Section 8.2(h) provides in pertinent part:

> "The disciplinary arbitrator's decision with respect to guilt or innocence, penalty, or probable cause for suspension, pursuant to Section 8.4 of this Article, shall be final and binding upon the parties, and the disciplinary arbitrator may approve, disapprove or take any other appropriate action warranted under the circumstances, including, but not limited to, ordering reinstatement and back pay for all or part of the period of suspension.  If the disciplinary arbitrator, upon review, finds probable cause for the suspension, he may consider such suspension in determining the penalty to be imposed."

7.  When plaintiff was unwilling to negotiate any settlement prior to the arbitration, he lost any ability to negotiate with DOCS as to the appropriate penalty which instead was determined by the arbitrator and is binding upon the parties.  Binding arbitration is the norm not just in DOCS' case, but across all legal contexts.  Thus, it is undisputed that plaintiff was terminated because of the arbitrator's decision and not any discrimination by DOCS as it was not DOCS' determination.

8.  Plaintiff also attempts to take out of context my statement in the memorandum that we could not prove he actually facilitated inmate abuse.  Obviously, DOCS could and did prove plaintiff's misconduct by giving false testimony to the Assistant Deputy Inspector General

and insubordination for failing to carry out the orders of Captain Kearney. What I meant by such comment was that DOCS could not prove plaintiff had intentionally intended to cause injury to the inmate by ignoring Captain Kearney's order, although that was a reasonable supposition.

9. Next, plaintiff suggests that the officers involved in the incident were treated differently than he was because of his Caucasian. That, however, is incorrect. Plaintiff chose a different arbitrator than the officers, whose arbitrator decided in their favor. As indicated above, DOCS cannot alter the arbitrator's decision. Rather, the undisputed facts demonstrate that plaintiff and the officers involved in the incident all were treated in the same manner by being issued a notice of discipline from DOCS recommending termination. The arbitrators' different decisions are the only reason for the difference in ultimate treatment.

10. Based on the foregoing and as set forth in DOCS summary judgment motion, it is respectfully requested that this action be dismissed as a matter of law.


DATED:      June 15, 2009

                                                s/ Peter Brown
                                                   **PETER BROWN**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARK ADAMCZYK,

                Plaintiff,

                                                    **07-cv-0523-WMS**

    vs.

NEW YORK STATE DEPARTMENT
OF CORRECTIONAL SERVICES,

                Defendant.
_____

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on June 15, 1009, I electronically filed the foregoing Reply Declaration with the Clerk of the District Court using its CM/ECF system which would then electronically notify the following CM/ECF participant in this case:

        Richard H. Wyssling, Esq.
        <u>rwyssling@adelphia.net</u>

                                    ANDREW M. CUOMO
                                    Attorney General of the
                                        State of New York
                                    Attorney for Defendants

                                    <u>S/ Kim S. Murphy</u>
                                    KIM S. MURPHY
                                    Assistant Attorney General
                                    of Counsel
                                    NYS Office of the Attorney General
                                    Main Place Tower, Suite 300A
                                    350 Main Street
                                    Buffalo, New York 14202
                                    (716) 853-8477
                                    Kim.Murphy@oag.state.ny.us